IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| YOHANCE KITSON, #212909 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-271 |
| | § | |
| DEPUTY FERGUSON, ET AL. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Yohance Kitson, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, complaining of excessive use of force at the hands of Defendant Ferguson.  Having reviewed Plaintiff's complaint and answers to interrogatories, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2).  A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact.  *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989);  *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2).  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law.  *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).  In this case, Plaintiff was watching television in the dayroom

of the Galveston County jail on December 21, 2005, when Deputy Ferguson allegedly pushed a table over Plaintiff's right foot deliberately, causing it to bleed and become swollen.

The Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992), held that a correctional officer's use of excessive force could constitute cruel and unusual punishment of a prisoner.  In order to succeed on an excessive force claim, Plaintiff must show an injury which resulted directly and only from the use of force that was clearly excessive to the need and was objectively unreasonable.  *Id.* In this case, Plaintiff claims that he suffered a bruised and swollen foot as a result of Ferguson's action.  Plaintiff went to the infirmary after the incident and was allegedly treated with antibiotic cream, a "few bandaids," and ibuprofen.

From this record, the Court can find no evidence that Plaintiff suffered anything other than *de minimis* injuries. Under 42 U.S.C. § 1997e(e), "no Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Alexander v. Tippah County, Miss.,* 351 F.3d 626, 631 (5th Cir. 2003).  The physical injury required by Section 1997e(e) "must be more than *de minimis*, but need not be significant."  *Id.* (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  Without this *de minimis* threshold, every "least touching" of a prisoner would give rise to Section 1983 liability.  Such a rule would not only swamp the federal courts with questionable excessive force claims, but would also constitute an unwarranted assumption of federal judicial authority to scrutinize the minutiae of state detention activities.  *Riley v. Dorton*, 115 F.3d 1159, 1167 (5th Cir. 1997).  While this Court does not condone the alleged behavior of Deputy Ferguson,  "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  *Hudson v. McMillian*, 503 U.S. 1,9 (1992).  Plaintiff has failed to satisfy the requirement of Section 1997e(e) and demonstrate that he suffered more than a *de minimis* injury.  *See Raley v. Fraser*, 747 F.2d 287, 289 (5th Cir. 1984)(holding that

2

use of force which resulted in sore throat and hoarseness for two weeks and raised welts from tightened handcuffs did not amount to abuse of power that shocked the conscience.) This Court is of the opinion that Plaintiff has failed to meet the standard necessary to successfully plead a claim of excessive use of force.

Plaintiff has also named the Galveston County jail as a Defendant.  This claim has no merit as jails are not "persons" subject to liability under 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that Plaintiff's claims of excessive use of force be **DISMISSED with prejudice for as frivolous and for failure to state a claim for which relief can be granted**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same.  The Plaintiff shall have until **July 12, 2006**, in which to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____19th_____ day of June, 2006.

_____

John R. Froeschner
United States Magistrate Judge